{¶ 23} I concur in the majority's disposition of Appellant's appeal. Specifically, I concur in the majority's conclusion Appellant's notice of appeal was untimely. However, I reach that conclusion for a reason different than that relied upon by the majority.
 {¶ 24} I am not yet persuaded Civ. R. 52 does not apply to R.C.2323.51 motions. A motion for frivolous conduct typically involves a two-step analysis. First, it must be determined whether the challenged conduct is frivolous, and second, if found frivolous, the amount of the sanction to be assessed. Usually the first determination is made on written briefs and/or arguments of counsel. If frivolous conduct if found, it is often followed by an evidentiary hearing as to the sanction to be imposed, including the amount of attorney's fees to be awarded. Any time an evidentiary hearing is conducted over the disputed sanction, it would seem appropriate for findings of facts and conclusions of law to issue if timely requested.
 {¶ 25} Despite the above, I find it unnecessary to decide that issue at this time because I believe the magistrate's decision and the trial court's order provided more than ample findings of fact and conclusions of law to satisfy Civ. R. 52. As such I agree the time for filing a notice of appeal was not tolled and this Court lacks jurisdiction. *Page 8 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the appeal of the judgment of the Court of Common Pleas, Domestic Relations Division, Richland County, Ohio, is dismissed. *Page 1